IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **NADIA DORISE-CLAY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00659-O-BP |
| | § | |
| **U.S. EQUAL EMPLOYMENT** | § | |
| **OPPORTUNITY COMMISSION,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Nadia Dorise-Clay ("Dorise-Clay") initiated this action by filing a complaint on August 1, 2022. ECF No. 1. On that same day, this case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 2.

On August 9, 2022, the Court ordered entered a Notice of Deficiency and Order that ordered Dorise-Clay to file a First Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of the Court ("Local Civil Rules"). ECF No. 5. The Court set a deadline for filing of August 30. *Id.* In the Order, the Court cautioned the Dorise-Clay that "failure to fully comply with this Order may result in the Plaintiff's pleadings being stricken pursuant to Rule 12(e) or her case being dismissed without further notice under Rule 41(b), Federal Rules of Civil Procedure, for failure to prosecute or comply with a Court Order." *Id.* at 2.

Dorise-Clay did not comply, and on September 21, 2022, the Court ordered her to file a First Amended Complaint by October 2, 2022. ECF No. 6. In the second order, the Court specifically warned Dorise-Clay in boldface and underlined font "that failure to file the Amended

Complaint on or before October 2, 2022 as ordered could result in a recommendation that this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to obey court orders and failure to prosecute the case." *Id.* at 2. To date, Dorise-Clay has not complied with either order.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Despite a clear warning that noncompliance could result in dismissal of her case under Federal Rule of Civil Procedure 41(b), Dorise-Clay has neither complied with the undersigned's two orders to file a First Amended Complaint, nor submitted any other pleading explaining her delay. It appears Dorise-Clay no longer wishes to pursue her claims in this case. Absent compliance with the Court's orders, this case cannot proceed. Because Dorise-Clay's noncompliance does not appear to stem from purposeful delay or contumaciousness, a dismissal

without prejudice is warranted. Accordingly, the undersigned **RECOMMENDS** Judge O'Connor **DISMISS** this case **without prejudice** under Fed. Rul. Civ. P. 41(b) for failure to prosecute or follow court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on October 20, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE